**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| FTX RECOVERY TRUST, | |
| Plaintiff, | Adv. Proc. No. 25-52195 (KBO) |
| v. | |
| RYAN SALAME and MICHELLE BOND, | |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT MICHELLE BOND TO PLAINTIFF'S COMPLAINT**

Defendant Michelle Bond ("Ms. Bond" or "Defendant"), by and through her undersigned counsel, as and for her Answer and Affirmative Defenses ("Answer") to the Complaint filed by Plaintiff FTX Recovery Trust (the "Trust"), expressly denies each and every allegation contained in the Complaint, including any allegations contained in the preamble, headers, subheaders, unnumbered paragraphs, footnotes, or exhibits, except as admitted or otherwise expressly qualified herein, and allege on knowledge with respect to her own acts, and on information and belief as to all other matters, as follows. Unless otherwise defined, capitalized terms are as defined in the Complaint.

---

[1] 1The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

## ANSWER

Unless expressly admitted, all allegations are denied.  The Complaint contains certain numbered and unnumbered section titles and other organizational headings to which no response is required.  To the extent that any such organizational headings in the Complaint are construed as containing substantive allegations to which a response is required, Ms. Bond denies those allegations.

## NATURE OF THE CASE

1.      The allegations in this paragraph purport to characterize Plaintiff's action and do not require a response. To the extent any response is required, Defendant denies that Plaintiff is entitled to any of the relief they seek.

2.      The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

3.      To the extent this paragraph purports to characterize the contents of the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404] (the "Plan"), Ms. Bond respectfully refers the Court to that document for a full and accurate description of its contents.  Ms. Bond denies any allegations in this paragraph inconsistent with the contents of the Plan.

4.      The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

5.      Admitted.

6.      Denied.

7.      The allegations in this paragraph purport to characterize Plaintiff's claims in another proceeding and a response is not required.  To the extent any response is required, the

pleadings and motions identified in paragraph 7 speak for themselves and all characterizations of them are denied.

8.      The first sentence of paragraph 8 purports to characterize a motion filed by Plaintiff in another proceeding, which speaks for itself and all characterizations of it are denied.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 8.

9.      Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the various allegations of paragraph 9, which allegations are as such deemed to be denied.

10.     It is admitted that Defendants modified the deed for the Avenel Property in or around February 2025. All characterizations of that transaction are denied. Any remaining allegations of paragraph 10 are denied.

11.     The allegations in this paragraph purport to characterize Plaintiff's action and do not require a response. To the extent any response is required, Defendant denies that Plaintiff is entitled to any of the relief they seek.

12.     Denied.

## JURISDICTION AND VENUE

13.     The allegations in this paragraph contain contentions of law and legal conclusions that require no response.  To the extent any response is required, Defendant denies the allegations in this paragraph.

14.     The allegations in this paragraph contain contentions of law and legal conclusions that require no response.  To the extent any response is required, Defendant denies the allegations in this paragraph.

15.     The allegations in this paragraph contain contentions of law and legal conclusions that require no response.  To the extent any response is required, Defendant denies the allegations in this paragraph.

16.     The allegations in this paragraph contain contentions of law and legal conclusions that require no response.  To the extent any response is required, Defendant denies the allegations in this paragraph.

17.     The allegations in this paragraph contain contentions of law and legal conclusions that require no response.  To the extent any response is required, Defendant denies the allegations in this paragraph.

18.     The allegations in this paragraph contain contentions of law and legal conclusions that require no response.  To the extent any response is required, Defendant denies the allegations in this paragraph.

## THE PARTIES

19.     Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the various allegations of paragraph 19, which allegations are as such deemed to be denied.

20.     Admitted.

21.     Admitted that Ms. Bond is Mr. Salame's wife.  It is further admitted that there is an indictment against Ms. Bond, which is being challenged by her counsel, and that she holds powers of attorney.   Those documents speak for themselves and all characterizations of them are denied.

## FACTUAL ALLEGATIONS

22.     The first sentence in this paragraph is admitted.  The remaining allegations in this paragraph purport to characterize Plaintiff's claims in another proceeding and no response is

4

required.  To the extent any response is required, Defendant denies the remaining allegations in this paragraph.

23.    The allegations in this paragraph purport to characterize Mr. Salame's criminal proceedings, and Ms. Bond respectfully refers the Court to the record in those proceedings for a full and accurate description of those proceedings.  Ms. Bond denies any allegations in this paragraph inconsistent with the record in those proceedings.

24.    Denied.

25.    It is admitted that Plaintiff commenced an adversary proceeding against Mr. Salame.  The remaining allegations are denied.

26.    It is admitted that Plaintiff moved for a preliminary injunction in the Salame Adversary Proceeding, which motion speaks for itself.  The remaining allegations in this paragraph are denied.

27.    The allegations in this paragraph purport to characterize proceedings in the Salame Adversary Proceeding, and Ms. Bond respectfully refers the Court to those proceedings for a full and accurate description.  Ms. Bond denies any allegations in this paragraph inconsistent with the record in the Salame Adversary Proceeding.

28.    The allegations in this paragraph purport to characterize proceedings in the Salame Adversary Proceeding, and Ms. Bond respectfully refers the Court to those proceedings for a full and accurate description.  Ms. Bond denies any allegations in this paragraph inconsistent with the record in the Salame Adversary Proceeding.

29.    Denied. By way of further response, admitted that before the Court entered the TRO, funds were moved from Salame's accounts to Bond's accounts.

30.     Ms. Bond lacks knowledge or information at this time sufficient to form a belief about what Plaintiff learned.  It is admitted that Plaintiff moved to hold Ms. Bond in contempt, which motion is a document that speaks for itself and all characterizations of which are denied. The transcript of the court's June 27, 2025 evidentiary hearing is a document that speaks for itself and Ms. Bond respectfully refers the Court to that transcript for a full and accurate description of its contents.  Ms. Bond denies any allegations in this paragraph inconsistent with the transcript and the proceedings held on June 27, 2025.

31.     The transcript of the court's June 27, 2025 evidentiary hearing is a document that speaks for itself , and Ms. Bond respectfully refers the Court to that transcript for a full and accurate description of its contents.  Ms. Bond denies any allegations in this paragraph inconsistent with the transcript and the proceedings held on June 27, 2025.

32.     The transcript of the court's June 27, 2025 evidentiary hearing is a document that speaks for itself , and Ms. Bond respectfully refers the Court to that transcript for a full and accurate description of its contents.  Ms. Bond denies any allegations in this paragraph inconsistent with the transcript and the proceedings held on June 27, 2025.

33.     The transcript of the court's June 27, 2025 evidentiary hearing is a document that speaks for itself , and Ms. Bond respectfully refers the Court to that transcript for a full and accurate description of its contents.  Ms. Bond denies any allegations in this paragraph inconsistent with the transcript and the proceedings held on June 27, 2025.

34.     The transcript of the court's June 27, 2025 evidentiary hearing is a document that speaks for itself ,and Ms. Bond respectfully refers the Court to that transcript for a full and accurate description of its contents.  Ms. Bond denies any allegations in this paragraph inconsistent with

the transcript and the proceedings held on June 27, 2025, including Plaintiff's characterizations of the Court's ruling.

35.     Admitted.

36.     Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the various allegations of paragraph 36, which allegations are as such deemed to be denied.

37.     Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the various allegations of paragraph 37, which allegations are as such deemed to be denied.

38.     Admitted.

39.     The transcript of the court's June 27, 2025 evidentiary hearing is a document that speaks for itself, and Ms. Bond respectfully refers the Court to that transcript for a full and accurate description of its contents.  Ms. Bond denies any allegations in this paragraph inconsistent with the transcript and the proceedings held on June 27, 2025.

40.     The transcript of the court's June 27, 2025 evidentiary hearing is a document that speaks for itself, and Ms. Bond respectfully refers the Court to that transcript for a full and accurate description of its contents.  Ms. Bond denies any allegations in this paragraph inconsistent with the transcript and the proceedings held on June 27, 2025.

41.     The transcript of the court's June 27, 2025 evidentiary hearing is a document that speaks for itself, and Ms. Bond respectfully refers the Court to that transcript for a full and accurate description of its contents.  Ms. Bond denies any allegations in this paragraph inconsistent with the transcript and the proceedings held on June 27, 2025.

42.     The transcript of the court's June 27, 2025 evidentiary hearing is a document that speaks for itself, and Ms. Bond respectfully refers the Court to that transcript for a full and accurate description of its contents.  Ms. Bond denies any allegations in this paragraph inconsistent with the transcript and the proceedings held on June 27, 2025.

43.     The transcript of the court's June 27, 2025 evidentiary hearing is a document that speaks for itself, and Ms. Bond respectfully refers the Court to that transcript for a full and accurate description of its contents.  Ms. Bond denies any allegations in this paragraph inconsistent with the transcript and the proceedings held on June 27, 2025.

44.     The transcript of the court's June 27, 2025 evidentiary hearing is a document that speaks for itself, and Ms. Bond respectfully refers the Court to that transcript for a full and accurate description of its contents.  Ms. Bond denies any allegations in this paragraph inconsistent with the transcript and the proceedings held on June 27, 2025.

45.     The transcript of the court's June 27, 2025 evidentiary hearing is a document that speaks for itself, and Ms. Bond respectfully refers the Court to that transcript for a full and accurate description of its contents.  Ms. Bond denies any allegations in this paragraph inconsistent with the transcript and the proceedings held on June 27, 2025.

## CAUSES OF ACTION

**COUNT ONE**
**AVOIDANCE OF POST-PETITION TRANSFERS PURSUANT TO 11 U.S.C. § 549**
**(AGAINST ALL DEFENDANTS)**

46.     Defendant incorporates her answers to the preceding paragraphs as if fully set forth in this paragraph.

47.     The allegations in this paragraph purport to characterize Plaintiff's claims and do not require a response.  To the extent any response is required, Defendant denies the allegations in this paragraph.

48.     Denied.

49.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

50.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

51.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied..

52.     The transcript of the court's June 27, 2025 evidentiary hearing is a document that speaks for itself, and Ms. Bond respectfully refers the Court to that transcript for a full and accurate description of its contents.  Ms. Bond denies any allegations in this paragraph inconsistent with the transcript and the proceedings held on June 27, 2025.

**COUNT TWO**
**PROPERTY RECOVERY PURSUANT TO 11 U.S.C. § 550(a)(1)**
**(AGAINST ALL DEFENDANTS)**

53.     Defendant incorporates her answers to the preceding paragraphs as if fully set forth in this paragraph.

54.     The allegations in this paragraph purport to characterize the Complaint filed by Plaintiff in the Salame Adversary Proceeding, and Ms. Bond respectfully refers the Court to that Complaint for a full and accurate description of its contents.  Ms. Bond denies any allegations in this paragraph inconsistent with the Complaint in the Salame Adversary Proceeding.

55.     The allegations in this paragraph purport to characterize Plaintiff's claims and do not require a response.  To the extent any response is required, Defendant denies the allegations in this paragraph.

56.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

57.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

58.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

## COUNT THREE
## ACTUAL FRAUDULENT CONVEYANCES PURSUANT TO MD. CODE ANN., COM. LAW §§ 15-207 & 15-210
## (AGAINST ALL DEFENDANTS)

59.     Defendant incorporates her answers to the preceding paragraphs as if fully set forth in this paragraph.

60.     The allegations in this paragraph purport to characterize Plaintiff's claims and do not require a response.  To the extent any response is required, Defendant denies the allegations in this paragraph.

61.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

62.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

63.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

64.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

65.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

66.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

**COUNT FOUR**
**CONSTRUCTIVE FRAUDULENT CONVEYANCES PURSUANT TO MD. CODE ANN.,**
**COMN. LAW §§ 15-206 & 15-210**
**(AGAINST ALL DEFENDANTS)**

67.     Defendant incorporates her answers to the preceding paragraphs as if fully set forth in this paragraph.

68.     The allegations in this paragraph purport to characterize Plaintiff's claims and do not require a response.  To the extent any response is required, Defendant denies the allegations in this paragraph.

69.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

70.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

71.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

72.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

73.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

74.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

75.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

76.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

77.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

## COUNT FIVE
## UNJUST ENRICHMENT UNDER DELAWARE LAW
## (AGAINST DEFENDANT SALAME)

78.     Defendant incorporates her answers to the preceding paragraphs as if fully set forth in this paragraph.

79.     The allegations in this paragraph relate to a claim that has not been brought against Ms. Bond and no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

80.     The allegations in this paragraph relate to a claim that has not been brought against Ms. Bond and no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

81.     The allegations in this paragraph relate to a claim that has not been brought against Ms. Bond and no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

## COUNT SIX
## UNJUST ENRICHMENT UNDER DELAWARE LAW
## (AGAINST DEFENDANT BOND)

82.     Defendant incorporates her answers to the preceding paragraphs as if fully set forth in this paragraph.

83.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

84.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

85.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

86.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

87.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

## AFFIRMATIVE DEFENSES

For her affirmative defenses to Plaintiff's Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012(b).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate and/or, through their own conduct, caused damages, if any, allegedly suffered as a result of the alleged conduct.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to join indispensable parties to this action.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged losses attributed in the Complaint to Defendant's conduct had intervening/superseding causes.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead with adequate specificity.

## SEVENTH AFFIRMATIVE DEFENSE

The alleged fraudulent transfers ("Transfers") are not avoidable under 11 U.S.C. § 548 because the Transfers were taken for value and in good faith.

## EIGHTH AFFIRMATIVE DEFENSE

The Transfers are not avoidable under 11 U.S.C. § 548 because Defendant gave fair consideration to the Debtors in exchange for the Transfers.

## NINTH AFFIRMATIVE DEFENSE

The Transfers are not avoidable under 11 U.S.C. § 548 because the Debtors received reasonably equivalent value on account of the Transfers.

## TENTH AFFIRMATIVE DEFENSE

The Transfers are not avoidable under 11 U.S.C. § 548 because the Debtors were not insolvent and were not rendered insolvent by the Transfers.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent one or more of the alleged Transfers were made, Plaintiff's fraudulent transfer claims are barred by 11 U.S.C. §548(c) and 6 Del. Code §1308.

## TWELFTH AFFIRMATIVE DEFENSE

Since the Transfers are not avoidable pursuant 11 U.S.C. § 548, they are not recoverable pursuant 11 U.S.C. § 550.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish all of the elements required to disallow Defendant's claims against the Debtors' estates under 11 U.S.C. § 502(d).

## FOURTEENTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint should be denied to the extent that any of Plaintiff's claims are barred, in whole or in part, by the doctrines of setoff or recoupment.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of the alleged transfers were not transfers of an interest of the Debtor's property and, therefore, cannot be avoided or recovered by Plaintiff pursuant to the Bankruptcy Code.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant's conduct at all relevant times conformed with all applicable statutes, regulations, and industry standards.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff for damages are barred or limited by Defendant's good faith efforts to comply with applicable law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant has at all times acted in good faith and had reasonable grounds for believing that any alleged acts and omissions were not a violation of applicable statutes, regulations, or industry standards.

## NINETEENTH AFFIRMATIVE DEFENSE

All of Defendant's conduct and activities as purported to be alleged in the Complaint conformed to statutes, government regulations, and industry standards based upon the state of knowledge existing at the time.

## **TWENTIETH AFFIRMATIVE DEFENSE**

Defendant duly performed, satisfied, and discharged all duties and obligations he may have owed to Plaintiff.

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third party or third parties for whose conduct Defendant is not legally responsible and over whom Defendant had no authority or control.

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**

The claims arising out of the subject matter of the transactions and occurrences alleged were the results of risks assumed by the Debtors.

## **ADDITIONAL DEFENSES**

Defendant reserves the right to amend this Answer to add, supplement, or modify defenses based on legal theories that come to light through further clarification of the Complaint, through discovery, or through further legal analysis of Plaintiff's allegations, contentions, and positions in this litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Ms. Bond prays for the following relief:

    A.  An order dismissing Plaintiff's claims against her with prejudice.

    B.  An award of all her attorneys' fees and costs to the extent permitted by law; and

    C.  For such other and further relief as this Court deems just and equitable.

Dated: October 30, 2025

GELLERT SEITZ BUSENKELL & BROWN, LLC

*/s/ Michael Van Gorder*
Michael Van Gorder (DE 6214)
1201 North Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
Email: mvangorder@gsbblaw.com

*Counsel to Michelle Bond*